# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

SHAWNA NORMALI, as Personal )
Representative of the Estate of Lena )
Corona, Deceased, )
                                                                            )
                   Plaintiff, )
                                                                            )
              v. )                Case No. 24-CV-257-JFH-GLJ
                                                                            )
DEFENDANT SEMINOLE COUNTY )
BOARD OF COMMISSIONERS; *et al.*, )
                                                                            )
                  Defendants. )

## **OPINION AND ORDER**

Before the Court is Plaintiffs' Motion to Amend Complaint [Docket No. 57] and Plaintiff's Second Motion to Amend Complaint [Docket No. 61]. Plaintiff Shawna Normali, as personal representative of the estate of Lena Corona, brought this civil rights action pursuant to 42 U.S.C. § 1983. [Docket No. 2]. On September 6, 2024, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket No. 47]. For the reasons stated below Plaintiffs' Motion to Amend Complaint [Docket No. 57] is DENIED AS MOOT and Plaintiff's Second Motion to Amend Complaint [Docket No. 61] is GRANTED.

## **BACKGROUND**

Based on the allegations contained in the proposed amended complaint, as attached, to Plaintiff's Second Motion for to Amend Complaint [Docket No. 61-1], on or about July

10, 2023, Lena Corona, stabbed her father while she was in a state of psychosis. Docket No. 61-1, p. 5. Ms. Corona was subsequently transported to Seminole Hospital and later discharged and relocated to the Seminole County Jail. Docket No. 61-1, p. 6. After arriving at the jail, Racheal Smith, LPN, ("Nurse Smith") initiated a mental health intake assessment, but, after Ms. Corona became uncooperative, Nurse Smith terminated the assessment early stating "I don't do crazy." *Id.* at p. 7-9. The partially completed intake form indicated that Ms. Corona showed signs of irritability, had difficulties focusing, and was experiencing auditory and visual hallucinations. *Id.* The intake form also indicated that Ms. Corona reported she was diagnosed with "Bipolar I" disorder, had taken mental health medication, and engaged in a suicide attempt at least one year earlier. *Id.* at p. 7. Ms. Corona was initially placed in the "cell up front by control" but not placed on suicide watch. *Id.* at pp. 7-10. Following the initial assessment, jail staff prevented Nurse Smith from seeing Ms. Corona on several occasions because she was "combative." *Id.* at 11. Ms. Corona did not receive any further mental health treatment or a referral for treatment. *Id.* After one or two days, Ms. Corona was moved to an isolated cell where no site checks were performed. Docket No. 61-1, pp. 10-13. On July 15, 2023, Ms. Corona fashioned a blanket into a noose and hanged herself. Docket No. 61-1, pp. 12.

Thereafter, in the fall of 2023, Plaintiff delivered and mailed open record requests to Anthony Louie, Seminole County Board of County Commissioners ("SCBCC"), Seminole County Public Building Authority ("SCPBA") to the attention of Amanda Windle, and Turn Key Health Clinics, LLC. Docket No. 61-1, pp. 38-40. Anthony Louie refused to provide video footage on the basis it was not an open record. Docket No. 61-1,

2

pp. 37-38. Defendant SCBCC did not respond in writing to the request but did provide accounting ledgers in response. Docket No. 61-1, p. 38-39. SCPBA did not submit a written response but made available a storage and conference room which contained unrelated county records. Docket No. 61-1, p. 39-40.

Plaintiff filed her Complaint on July 22, 2024, against (1) SCBCC (2) Anthony Louie, individually and as the current Sheriff of Seminole County, Oklahoma, (3) SCPBA; (4) Shannon Smith, individually and as the former Sheriff of Seminole County, Oklahoma; (5) Turn Key Health Clinics, LLC ("Turn Key"); and (6) Amanda Windle, individually and as Seminole County, Oklahoma Sheriff's Deputy and Administrator of the Seminole County Jail. Docket No. 2, p. 1. Plaintiff alleges two causes of action. One against all Defendants, except for Anthony Louie, pursuant to 42 U.S.C. 42 U.S.C. § 1983 for wrongful death, and one against Defendants SCBCC, SCPBA, Louie, and Windle for violating the Oklahoma Open Records Act. Docket No. 2, pp. 28, 33. Defendant SCBCC filed a partial motion to dismiss, and Defendants Louie, SCPBA, and Turn Key filed motions to dismiss. Docket Nos.

Plaintiff moves to amend her Complaint to add Racheal Smith, LPN, as a defendant, two new causes of action, and additional factual averments.[1] Docket Nos. 57-1, 61-1. Defendants Louie, Turn Key, SCBCC, and SCPBA oppose Plaintiff's proposed

---

[1] Plaintiff has two pending motions to amend. Docket Nos. 57 & 61. Plaintiff's Second Motion to Amend [Docket No. 61] appears to include all of the proposed changes in Plaintiff's Motion to Amend Complaint [Docket No. 57]. Accordingly, the Court only addresses whether Plaintiff should be permitted to file the proposed amended complaint as attached to its Second Motion to Amend Complaint.

amendment on the basis that amendment is futile because the proposed amended complaint is still deficient for the reasons stated in their pending motions to dismiss. Docket Nos. 60, 63, 64. The Court finds that amendment is not futile and grants Plaintiff leave to amend.

## ANALYSIS

"Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires.' Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment." *Frank v. U.S. West Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (quoting Fed. R. Civ. P. 15(a)). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason." *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1998). "The party opposing the amendment has the burden to show the basis for the denial." *U.S. Bank Nat'l Assoc. v. Multi Serv. Corp.*, 2015 WL 9272846, at *2 (D. Kan. Dec. 1, 2015).

Since Defendants maintain granting Plaintiff leave to amend is futile, the standards pertaining to motions to dismiss are also pertinent here. In reviewing a motion to dismiss, the Court "assume[s] the truth of all well-pleaded facts in the complaint," and construes all reasonable inferences in the light most favorable to the Plaintiff. *Western Watersheds Project v. Michael*, 869 F.3d 1189, 1193 (10th Cir. 2017). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. (8)(a)(2). Although detailed factual allegations are not required, the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp., v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 577.).

After reviewing the futility arguments raised by Defendants, the Court finds that the proposed amended complaint is not so patently deficient that amendment is clearly futile.[2] *Zisumbo v. Convergys Corp.*, 2019 WL 1170766, at *5 (D. Utah Mar. 13, 2019) ("When amendments raise colorable claims, especially where they are based upon disputed facts, they should be allowed, and a comprehensive legal analysis deferred to subsequent motions to dismiss or for summary judgment.") (internal quotations omitted); *Zell v. Klingelhafer*, 2014 WL 12656101, at *2 (S.D. Ohio Dec. 3, 2013) ("A Court will not ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous. Normally, the merits . . . are best resolved through a motion to dismiss or a motion for summary judgment.") (internal citations omitted); *Caiman E. Midstream, LLC v. Hall*, 2012 WL 2046882, at *2 (N.D.W. Va. June 5, 2012) ("Barring a showing that the plaintiff's proposed amendment is obviously frivolous or legally

---

[1] While it does seem unlikely that the information contained in Plaintiff's proposed amended complaint would alter whether this Court has supplemental jurisdiction over Plaintiff's claim arising under the Oklahoma Open Records Act, it is not so evident that the Court does not have jurisdiction such that Plaintiff should be denied leave to amend at this juncture. Moreover, the additional factual averments contained within the proposed amended Complaint may prove useful in assessing whether Plaintiff's state and federal claims "derive from a common nucleus of operative fact." *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1966).

insufficient on its face, considerations of the substantive merits of the plaintiff's claim is not appropriate when considering a motion for leave to amend."). Indeed, the Court has yet to rule on any dispositive motions and, in the interest of judicial economy, the Court declines to consider Defendants' pending motions to dismiss before, or in conjunction with Plaintiff's Second Motion to Amend as it would be more expedient and efficient to permit Plaintiff to amend her complaint, and then address whether Plaintiff's claims are viable after the Parties have had an opportunity to fully brief the issues in the context of the forthcoming amended complaint. Accordingly, the Court finds that amendment is not clearly futile, and Plaintiff is granted leave to amend.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Amend Complaint [Docket No. 57] is DENIED AS MOOT, and Plaintiff's Second Motion to Amend Complaint [Docket No. 61] is GRANTED. Plaintiff is directed to file their Amended Complaint, as attached to Plaintiff's Second Motion to Amend Complaint [Docket No. 61], within two days, or by December 9th, 2024.

IT IS SO ORDERED this 5th day of December 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**