IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWNA NORMALI, ) | |
| as personal representative of THE ) | |
| ESTATE OF LENA CORONA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-CV-257-JFH-GLJ |
| ) | |
| BOARD OF COUNTY ) | |
| COMMISSIONERS FOR ) | |
| SEMINOLE COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Turn Key Health Clinics, LLC's Motion to Dismiss Rachael Smith [Docket No. 133]. On September 6, 2024, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket No. 47]. For the reasons stated below, Defendant Turn Key Health Clinics, LLC's Motion to Dismiss Rachael Smith [Docket No. 133] should be GRANTED.

### Background

On July 22, 2024, Plaintiff Shawna Normali, as personal representative of the estate of Lena Corona, brought this action asserting various claims pursuant to 42 U.S.C. § 1983 for wrongful death and the Oklahoma Open Records Act. *See* Docket No. 2. Plaintiff's claims arise out of Lena Corona's July 10, 2023 arrest and incarceration in the Seminole County Jail and subsequent suicide on July 15, 2023. On December 9, 2024, Plaintiff filed

her Amended Complaint, which added claims for personal injury and negligence against existing defendants and a negligence claim against Racheal Smith, LPN, who was employed by Turn Key. *See* Docket No. 68. During a hearing on various motions to compel by Plaintiff, Turn Key orally moved to dismiss Racheal Smith for failure to timely serve her with summons and a copy of the Amended Complaint. *See* Docket No. 133.

## Analysis

Federal Rules of Civil Procedure Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Moreover, "if the plaintiff shows good cause" for failing to timely effect service, "the court must extend the time for service for an appropriate period." *Id*. Even if Plaintiff is unable to demonstrate good cause, "the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

### A. Good Cause

At the January 13, 2025 hearing, Plaintniff's counsel admitted he was surprised to recently learn that Racheal Smith had not been served. A review of the docket, however, indicates that although Ms. Smith was added as a defendant in the December 9, 2024 Amended Complaint, no summons was ever issued for her and no return of service was

ever filed. *See* Docket.[1] As such, it is apparent that no attempted service of Ms. Smith was ever made.

The "good cause" provision "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994). "'[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service.'" *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (quoting *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991)). "Mistake of counsel or ignorance of the rules also usually do not suffice." *Id*. (citing *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987); *Despain*, 13 F.3d at 1439). "[A]bsence of prejudice to the defendants, by itself, does not equate to good cause on the part of the plaintiff[ ]." *Despain*, 13 F.3d at 1439 (citing *In re City of Philadelphia Litig.,* 123 F.R.D. 512, 514 (E.D. Pa. Dec. 28, 1988)). "The fact that the statute of limitations has run . . . does not demonstrate good cause." *Id*. *See also Gumm v. Fed. Bureau of Prisons*, 2007 WL 3312785, at *3 (W.D. Okla. Nov. 6, 2007). "While unable to articulate an explicit rule for determining a good cause exception, the Tenth Circuit has suggested that a lawyer should 'treat the [90] days with the respect reserved for a time bomb.'" *Enberg v. The Atchison Topeka and Santa Fe R.R. Co.*, 1992 WL 403052, at *1 (D. Ks. Dec. 15, 1992) (quoting *Cox*, 941 F.2d at 1126).

---

[1]The Court may take judicial notice of both its own docket sheets and other state or federal court docket sheets. *United States v. Ahidley*, 486 F.3d 1184,1192, n. 5 (10th Cir. 2007) ("We may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

The undersigned Magistrate Judge concludes that Plaintiff has not shown good cause for her failure to effect service of the Amended Complaint and summons on Ms. Smith. This is not a matter of a failed attempt to serve, defective service or even late service. Rather, no summons was ever issued much less any attempt made to serve Ms. Smith. Moreover, Plaintiff's counsel did not even recognize the failure to serve for more than a year after the Amended Complaint was filed and Ms. Smith was added as a defendant. At the January 13, 2025 hearing, Plaintiff's counsel offered no explanation or excuse that could constitute good cause for this failure.

### B. Permissive Extension

Nonetheless, the undersigned Magistrate Judge must further consider whether a permissive extension of time may be warranted. *Espinoza*, 52 F.3d at 842 & n.8. The Tenth Circuit identifies several factors to guide district courts in determining whether to grant a permissive extension: (i) "if the applicable statute of limitations would bar the refiled action"; (ii) whether "the plaintiff has tried, but failed, to effect service upon the United States"; and (iii) "protect[ing] pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition." *Id*. Additionally, an extension may be appropriate where the defendant has not been prejudiced. *See Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1097 (D. Kan. 2007).

The only factor potentially implicated is the first one, whether the statute of limitations would bar a refiled action against Ms. Smith. It appears possible, indeed perhaps likely, that a dismissal of Ms. Smith would result in the statute of limitations baring

refiling of this case against her.[2]  While a potential bar based on the statute of limitations would ordinarily weigh in Plaintiff's favor, the failure of Plaintiff to even attempt service on Ms. Smith for over a year weighs against granting a permissive extension.  "Although a statute of limitations problem may justify relief under Rule 4(m), that factor alone is not determinative and does not make dismissal inappropriate."  *In re Langston*, 319 B.R. 667, 670 (D. Utah 2005) (citing Advisory Committee Note to Fed. R. Civ. P. 4(m)).  *See also Cloyd v. Arthur Anderson & Co., Inc.*, 25 F.3d 1056, 1994 WL 242184, at *2 (10th Cir. 1993) (unpublished table opinion) ("That a plaintiff's claims will be time-barred if an action is dismissed for failure to effect service within [90] days does not mandate an extension of time under new Rule 4(m).");  *Valdez v. Chuwanti*, 2022 WL 17093445, at *3 (D.N.M. Nov. 21, 2022) ("[T]he mere possibility of a statute of limitations bar does not establish good cause for failure to timely serve and does not preclude the Court from exercising its discretion to dismiss a case.").  Moreover, granting a permissive extension would substantially prejudice the defendants.  This case has been extensively litigated for over a year and a half, including substantial pleadings practice and discovery.  If the time to serve Ms. Smith is extended, there will likely be substantial delays, first in locating and serving Ms. Smith and, second, the likely pleadings practice to follow that will further delay the proceedings and  prejudice the current defendants.

---

[2] The incident giving rise to the claims occurred on July 15, 2023 and Oklahoma's statute of limitations for negligence is two years.  *See* 12 O.S. § 95.

## C. Interest of Justice

When dismissal without prejudice is the "equivalent to dismissal with prejudice due to the statute of limitations," the court must ask "whether dismissal 'would satisfy the interest of justice'" by analyzing:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance [ ] that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Wagoner v. Towne*, 2019 WL 1283487, at *2 (W.D. Okla. Mar. 20, 2019) (quoting *Davis v. Miller*, 571 F.3d 1058, 1060-61, n.2 (10th Cir. 2009)).

As previously noted, Defendants will be substantially prejudiced by an extension to serve Ms. Smith. Plaintiff had ample opportunity to have summons issued and serve Ms. Smith but failed to take any action for over a year. In contrast, dismissing Ms. Smith will not substantially prejudice Plaintiff. Ms. Smith worked for Turn Key during the alleged incident and Turn Key will likely have respondeat superior liability for any alleged negligence of Ms. Smith. Second, permissive extension will significantly delay the litigation, which has been ongoing for over a year and a half. Third, Plaintiff and her counsel are fully responsible for failing to serve Ms. Smith. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)) ("'[W]e have upheld dismissals . . . where the parties themselves neglected their cases.'"). Fourth, although Plaintiff was not put on notice of the failure to service until recently, it was her own error, and the Court is not obligated to monitor compliance with service to ensure Plaintiff fulfills her obligations. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1150 (10th Cir.

2007)) ("[I]t is not necessary that . . . notice be given pursuant to the specific behavior that later forms the basis for dismissal."). The fifth factor, efficacy of lesser sanctions, also favors dismissal. While the undersigned Magistrate Judge recognizes Plaintiff's failure to serve Ms. Smith was likely an oversight and was not done intentionally or to disrupt the proceedings, there is no meaningful lesser sanction available and giving Plaintiff additional time to serve Ms. Smith will significantly disrupt and delay the proceedings given the status of the case.

Dismissal is appropriate "'[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Davis*, 571 F.3d at 1061 (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). Given that four of the five factors weigh in favor of denying a permissive extension to serve Ms. Smith, the undersigned Magistrate Judge concludes that the interest of justice weighs in favor of dismissing Ms. Smith.

## Conclusion

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant Turn Key Health Clinics, LLC's Motion to Dismiss Rachael Smith [Docket No. 133] should be GRANTED and Defendant Racheal Smith be dismissed without prejudice. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objection and response shall

each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

    IT IS SO ORDERED this 15th day of January 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**